## WING v. EDWARDS et al.

No. 26094.    Feb. 4, 1936.

Brett & Brett, for plaintiff in error.

J. B. Moore, for defendants in error.

PER CURIAM. This action was commenced in the district court of Carter county, Okla., by the defendants in error, as plaintiffs, against the plaintiff in error, as defendant. For convenience the parties will be referred to as they appeared in the trial court.

Plaintiffs include in their brief a motion to dismiss the appeal. We prefer to dispose of the case on its merits, and the motion to dismiss is denied.

Plaintiffs sued for damages because of negligence in operation and lack of diligence in development of a certain oil and gas lease covering 40 acres of land in Carter county, and also for cancellation of the aforesaid lease as to all of the 40 acres, except the southeast quarter thereof comprising 10 acres of the 40 in controversy.

The issue of damages for negligence and nondiligence was submitted to a jury, which found in favor of the defendant. A judgment was rendered accordingly refusing damages. From this judgment there is no appeal, so that the question of damages together with a matter of injunctive relief is out of the case.

The question to be decided by this court is whether the trial court, under the record, was warranted in rendering the judgment canceling the lease as to the 30 acres.

The evidence discloses that in August, 1918, an oil and gas lease was executed by J. B. Moore and wife to J. E. Holmes, trustee, covering the southeast quarter of the northwest quarter of section 21, township 3 south, range 2 west, Carter county, Okla.; that thereafter and during the first two years of the primary term of five years, or between August, 1918, and August, 1920, four wells were drilled upon the southeast 10 acres of the 40 acres involved; that at the time of the trial these wells were still producing something between 10 barrels and 24 barrels of oil a day from the four wells; that at the time of the commencement of this action no other wells had been drilled upon any part of the leased lands. Perhaps inadvertently, and as we view it, certainly unfortunately, the defendant failed to show the location of these wells on the 10 acres upon which they were drilled.

The defendant, Wing, became the owner of the lease and leasehold estate on or about the 30th day of July, 1929, some three and a half years before this action was filed on the 16th day of January, 1933. He testified that he had no present intention of further drilling on said land, either immediately or remotely, except under changed conditions.

The defendant strenuously insists that the court erred in rendering the judgment of cancellation, in that such judgment takes from the defendant the fruits of his labors and expenditures and gives them to plaintiffs. He relies for reversal upon the following Oklahoma cases: Indiana Oil, Gas & Development Co. v. McCrory et al., 42 Okla. 136, 140 P. 610; Wapa Oil & Development Co. v. McBride et al., 84 Okla. 184, 201 P. 984; Pelham Petroleum Co. v. North, 78 Ok'a. 39, 188 P. 1069. He also quotes from Colgan v. Forest Oil Co. (Pa.) 75 A. S. R. 695; Brewster v. Lanyon Zinc Co., 140 Fed. 801; and 1 Thornton's Law of Oil and Gas, 365.

We find no fault with these authorities,

nor with the law as in them declared. We think, however, these cases are easily distinguishable in matters of fact from the instant case, and that none of them is controlling here.

In the instant case the initial term of five years had expired some nine and one-half years before the commencement of this action. There had been no exploration or development upon the leased premises for a period of about 14 years. The defendant said that, though he was able to drill additional wells, he had no present intention of doing so, either in the immediate or in the remote future. It appears to us that under the following authorities cited by plaintiffs in their brief: Fox Petroleum Co. v. Booker et al., 123 Okla. 276, 253 P. 33; Robinson v. Miracle, 146 Okla. 31, 293 P. 211; Sauder v. Mid-Cont. Pet. Corporation, 292 U. S. 272, 54 S. Ct. 671, 78 L. Ed. 1255, and many other authorities which might be referred to, the failure to further prospect and develop, together with the attitude of the defendant as shown by his own testimony, discloses an abandonment of the purpose intended to be accomplished under the oil and gas lease in question as to the 30 acres, and a desire on the part of defendant to hold the demised premises under the lease for speculative purposes only. We think, under the state of the record in this case, the trial court was justified in its finding; and that in giving the defendant a period of 60 days within which to begin further exploration before entering decree of cancellation the trial court dealt fairly with the defendant. Judgment affirmed.

The Supreme Court acknowledges the aid of Attorneys Henry L. Fist, Saul Yager, and J. A. Duff in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Fist and approved by Mr. Yager and Mr. Duff, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, BUSBY, and PHELPS, JJ., concur.